**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4378**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ISRAEL PEREZ GARCIA, a/k/a Esequiel Garcia Guzman,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00212-TDS-1)

Submitted:  January 14, 2013      Decided:  January 18, 2013

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Perez Garcia appeals his sentence after pleading guilty to conspiracy to distribute cocaine hydrochloride and possession of a firearm during and in relation to a drug trafficking crime. Garcia's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal but raising the issue of whether the district court erred in denying Garcia's request for a variance sentence below his Guidelines range. Garcia was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated

2

Guidelines range is substantively reasonable. <u>United States v. Susi</u>, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. <u>United States v. Mendoza-Mendoza</u>, 597 F.3d 212, 216 (4th Cir. 2010). The district court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party. <u>Id.</u> When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. <u>Carter</u>, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the record. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Garcia's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in sentencing him. The district court properly calculated Garcia's Guidelines

3

range, reasonably determined that a sentence within that range was appropriate based on its consideration of the § 3553(a) factors, and adequately explained its sentencing decision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>
